MAGNOLIA PETROLEUM CO. v. OKLAHOMA TAX COMMISSION.

CITIES SERVICE OIL CO. v. SAME.

Nos. 29480, 29477. Oct. 22, 1940.

*106 P. 2d 829.*

Wallace Hawkins, of Dallas, Tex., and B. B. Blakeney and B. B. Blakeney, Jr., both of Oklahoma City, for plaintiff in error Magnolia Petroleum Company.

A. M. Ebright, Hayes McCoy, and Roland Boynton, all of Bartlesville, for plaintiff in error Cities Service Oil Company of Delaware.

F. M. Dudley, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for defendant in error.

Wm. C. Lewis, of Oklahoma City, and Leon S. Hirsh, of St. Louis, Mo., amici curiae.

HURST, J. In these cases the plaintiffs attack on constitutional grounds the Oklahoma Freight Car Tax Law, chapter 97, S. L. 1933, as amended by article 8, ch. 66, S. L. 1937. While the actions were separate, they are briefed together, and will be so considered and decided. The trial court sustained demurrers of the defendant Tax Commission to the respective petitions of plaintiffs, and they appeal.

The asserted grounds of constitutional violation are (1) that the law seeks to levy an ad valorem tax for state purposes, and therefore is within the inhibition of section 9, art. 10, of the state Constitution, as amended in 1933; (2) that if the tax levied is not an ad valorem tax, it is a gross receipts tax, and therefore a burden on interstate commerce prohibited by the Constitution of the United States; and (3) that in any event the law violates the Due Process Clause (Fourteenth Amendment) of the Federal Constitution. The first two contentions depend upon the nature of the tax, and may be disposed of together.

1. The provisions of the act material to the question presented by the first two contentions are contained in section 1, art. 8, ch. 66, S. L. 1937, which follows:

"All freight cars owned, operated, rented, leased or used by any freight line company, equipment company or mercantile company which are moved over, or used in the operation of the line of any railroad company, as herein defined, wholly or partially within this state, are hereby classified for the purpose of taxation; and a tax equivalent to four per centum (4%) of the gross earnings in this state is hereby levied on such freight cars; and such tax shall be in lieu of ad valorem taxes upon such freight cars, but nothing in this act shall be construed to exempt from ad valorem taxation any real or personal property other than freight cars, or any freight cars which are not operated over the line of any common carrier railroad, as hereinbefore defined, upon which the gross earnings tax herein levied does not apply. It is hereby expressly provided, that the provisions of this act shall apply to both public service and private corporations.

"The Oklahoma Tax Commission, upon its own initiative, may, and upon the complaint of any person who claims he is taxed too great a rate hereunder, shall take testimony to determine whether the taxes herein imposed are greater, or less than the general ad valorem tax for all purposes would be on such freight cars, if taxed on an ad valorem basis. The said commission shall have the power and it shall be its duty to raise or lower the rate herein imposed to conform thereto.

"It is hereby declared to be the intention of the Legislature that the tax herein imposed be, as nearly as practicable, the equal of the amount of tax such freight line companies, equipment companies and mercantile companies would pay if their cars were taxed on an ad valorem basis, including any value inuring to such cars by reason of being a part of a going concern.

"In order to determine the amount of tax such companies would pay on an ad valorem basis, said commission may value all cars of any company as a unit and allocate to Oklahoma that proportion of the total value which the Oklahoma car mileage bears to the total car mileage of the cars of any such company during the twelve (12) months period ending on June 30th, of any year, and may then ap-

ply to such value so ascertained, the average ad valorem tax rate applied to property throughout the state for that fiscal year."

It is apparent that the tax provided by the section is a property tax, similar to that levied upon minerals under the Gross Production Tax Law. In fact, it appears to be patterned upon that law, except where the different nature of the subject matter rendered changes in certain details necessary. But the fact that the tax may be classed as a property tax does not necessarily stamp it an ad valorem tax. While, as contended by plaintiffs, in the broad division of taxes into specific and ad valorem or property valuation taxes it would fall within the latter class, it does not necessarily follow that it is an ad valorem tax as that term is used in section 9, art. 10, of the Constitution, as amended in 1933. That section, and the term "ad valorem" as used therein, must be construed with section 8, art. 10, and when the sections are both considered, it clearly appears that the term is used in a narrower sense than that contended for by plaintiffs. As used in both sections, it unquestionably refers to the ordinary tax upon tangible real and personal property, valued and assessed as of January 1st of each year by the various assessing officers charged with such duty under the statutes, and required to be listed by the owner for such purpose.

This court, in numerous cases, has held that the gross production tax, while a property tax, is not an ad valorem tax, but a tax levied as a substitute therefor, and authorized by sections 12, 13, and 22, art. 10, of the Constitution. Large Oil Co. v. Howard, 63 Okla. 143, 163 P. 537; In re Skelton L. & Z. Co.'s Gross Production Tax for 1919, 81 Okla. 134, 197 P. 495; Protest of Bendelari, Gross Production Tax, 1919, 82 Okla. 97, 198 P. 606; Meriwether v. Lovett, 166 Okla. 73, 26 P. 2d 200.

In these cases the court recognized and upheld the right of the state, where the nature of the property rendered the assessing and levying of ad valorem taxes thereon difficult, to adopt a different method more suited, in the judgment of the Legislature, to reach and assess such property. In the present cases, as in those cited above, there is no contention that the tax is excessive, nor was any showing made to the Tax Commission that the tax levied was in excess of that which would have been due had the property been assessed upon an ad valorem basis. The reasoning in the cited cases is applicable to the present cases, and is conclusive as to the character of the tax provided by the law in question.

We therefore hold that the act is not violative of section 9, art. 10, of our Constitution, as amended in 1933, and that it does not burden interstate commerce in violation of the Federal Constitution.

2. The assertion that the law offends the Fourteenth Amendment to the Constitution of the United States, the due process clause, is directed at that portion of the act providing for the collection of the tax. The act provides that every railroad company using, renting, or leasing the freight cars of any freight line, equipment, or mercantile company as such are defined in the act, shall, when making payment for the use, renting, or leasing thereof, withhold four per centum of the amount due. From reports filed by the railroad company and the owner, the Tax Commission determines the amount of tax due. This tax it requires the railroad company to pay out of the four per centum withheld. Failure of the railroad company to pay the tax within 15 days after notice of the amount thereof renders the railroad company liable for the tax and penalty. No provision is made for the payment of interest on the amounts withheld. Plaintiffs contend that to thus permit the railroad companies to hold their money deprives them of their property without due process of law. Defendant argues that in effect the railroads are made the agents of the state to collect the tax, and that therefore the retention of the per centum by them in effect is possession by the state. We agree with this contention.

The power to collect revenue includes all known and appropriate means which

may be employed to effectuate the power. The collection of the tax is an administrative matter, and, provided some reasonable mode is given the taxpayer by which he may be heard upon the question of the legality of the tax, it is due process. 12 Am. Jur. 335, sec. 643. See, also, Hagar v. Reclamation Dist. No. 108, 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569. The Legislature, had it deemed it necessary, could have provided that the tax be paid monthly, as in the Gross Production Tax Law. Further, in the absence of a showing that the per centum withheld exceeded the amount of taxes which would be payable if the property were assessed on an ad valorem basis, the per centum would represent the tax payable, and under such circumstances the collection thereof by the method adopted would be both just and reasonable. In effect it is a payment to the state of a proportionate part of the tax. Plaintiffs cite no authorities in support of their contention, and we are not impressed with the reasoning upon which it is based. The method employed was doubtless to prevent evasion of taxation. We conclude that the law does not violate the due process clause.

3. In a brief filed by amici curiae it is urged that the act classifies privately owned freight cars and similar cars owned by railroad and express companies separately, though both are used for the same purpose, thus making ownership instead of use the basis of the classification. Authorities are cited in support of the assertion that such classification is arbitrary and unreasonable. But section 21, art. 10, of the Constitution requires that the properties of public service companies be assessed by the State Board of Equalization, thus classifying such companies for taxing purposes.

In Pure Oil Pipe Line Co. v. Cornish, 163 Okla. 79, 20 P. 2d 1041, it was held that the Legislature, in the exercise of the power to distinguish, select, and classify objects of taxation, has a wide range of discretion. And in Re Assessment of Property of Western Light & Power Corp., 169 Okla. 53, 35 P. 2d 946, it was held that under section 22, art. 10, of the Constitution it is not necessary that property of public service companies be valued at the same percentage of actual value as that placed on other property. While the cars of plaintiffs are used upon the tracks of railroads, plaintiffs are not public service companies, and no good reason is advanced for their classification as such. If public service corporations, who employ in their various lines of business a large amount of property similar or identical to that privately owned, may be separately classified, and their property valued upon a different basis for taxing purposes, it follows that privately owned property of a similar kind may be also classified separately for taxing purposes, where from the nature and use of the property such classification facilitates the levy and collection of the tax, and no detriment to the owners of such property is shown. Substantial equality of taxation satisfies the requirements of the Fourteenth Amendment, and when such requirement is met, the particular method and classification is left to the discretion of the Legislature. Puget Sound Power & Light Co. v. King County, 264 U. S. 22, 44 S. Ct. 261. In Heisler v. Thomas Colliery Co., 260 U. S. 245, 43 S. Ct. 83; W. W. Cargill Co. v. Minnesota, 180 U. S. 452, 21 S. Ct. 423, and Quong Wing v. Kirkendall, 223 U. S. 59, 32 S. Ct. 192, the placing of property similar if not identical in different classes for the purposes of taxation was upheld. There is no showing that the classification complained of is unreasonable or arbitrary.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, DAVISON, and NEFF, JJ., concur. GIBSON, J., concurs in conclusion. CORN, J., absent.