The appeal herein is based solely upon the contention of the appellants that the assessment made is violative of the provisions of Section 2, Article XII of the Constitution of Ohio, in that the tax assessed upon the stock was "in excess of one per cent of its true value in money."
It is conceded that the fair market value in money of the shares of stock in question, on December 31, 1940, was $100 per share. The tax assessed was $1.125 per share, which is in excess of one per cent of the true value.
It is the contention of the Tax Commissioner that, although it is conceded that the tax imposed by the intangible tax law is a tax on property and not an income tax, the method of taxing intangibles is not violative of the constitutional limitation, since the tax is not based on market or true value; and that the tax as levied is valid under legislation enacted pursuant to authority conferred by the Constitution, as amended in 1929, to classify property for taxation.
It is the further contention of the Tax Commissioner that the tax on income yielding intangibles is in the nature of a "specific" tax.
The Tax Commissioner urges, too, that, if market *Page 590 
value is a factor in the determination of the tax to be assessed, then the market value of all investments owned by the taxpayer on tax-listing day should be considered in determining the validity of the assessment.
Section 2, Article XII of the Constitution is as follows:
"No property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition, or when provided for by the charter of a municipal corporation. Land and improvements thereon shall be taxed by uniform rule according to value. All bonds outstanding on the 1st day of January, 1913, of the state of Ohio or of any city, village, hamlet, county or township in this state, or which have been issued in behalf of the public schools of Ohio and the means of instruction in connection therewith, which bonds were outstanding on the 1st day of January, 1913, and all bonds issued for the world war compensation fund, shall be exempt from taxation, and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose, but all such laws shall be subject to alteration or repeal; and the value of all property so exempted shall, from time to time, be ascertained and published as may be directed by law."
The statutory provisions necessarily considered in *Page 591 
determining the question presented may be summarized as follows:
Section 5388, General Code, provides the rules applicable for listing and assessing tangible personal property, and provides that such property, used in business generally, is assessed at 70% of its true value in money, and makes special provision for listing certain property used in manufacturing at 50% of the true value thereof in money. Credits and other taxable intangibles are listed and assessed at the true value in money thereof on tax listing day.
Sections 5638 and 5638-1, General Code, classify intangible property and establish the rates as follows:
"Investments, five per centum of income yield or of income as provided by Section 5372-2 of the General Code; unproductive investments, two mills on the dollar; deposits, two mills on the dollar;" and "moneys, credits and all other taxable intangibles so listed, three mills on the dollar."
Sections 5414-19 and 5639, General Code, provide for distribution of the moneys collected under these provisions to the various taxing districts of the state, in definite proportions.
Section 5392-1, General Code, penalizes corporations organized under the laws of this state or doing business in this state by assessing against the corporations taxes on the true value of their shares of stock, owned by shareholders, in this state, at the rate of two mills on the dollar, if such corporations declare a nominal dividend to their shareholders for the purpose of allowing them to return their shares as productive investments, and thereby pay less taxes than would be paid if they were returned as unproductive.
The Tax Commissioner, in support of his contention that, although the tax in question is one on property, it is not an ad valorem tax in that it is not based on the value of the property, cites the case of Shivel v. *Page 592 Vidro, Treas., 295 Mich. 10, 294 N.W. 78, which was decided October 7, 1940. That case involves the constitutionality of the intangible tax act of Michigan, which is similar to the Ohio statute. It involves the question whether the tax imposed violated the provision of the Michigan Constitution requiring taxes to be assessed ad valorem in conformity with the uniform rule. The court held such intangible tax to be a "specific" tax, and that it was specifically authorized by a provision of the Michigan Constitution. The effect of that decision was to determine that a tax on intangibles levied on the basis of income yield is not a tax on the value of the property.
A similar question was before the Supreme Court of Oklahoma in the case of Magnolia Petroleum Co. v. Tax Comm.,188 Okla. 85, 106 P.2d 829, decided October 22, 1940. The exact question presented there was whether a constitutional provision limiting the amount of taxes for all purposes which may be imposed on an ad valorem basis was applicable to a tax levied "in lieu of ad valorem taxes" upon tangible personal property. The holding of the court in that case was that the tax in question was a specific tax levied under authority conferred by the Oklahoma Constitution and therefore valid. In support thereof the court cited the case of Large Oil Co. v. Howard,63 Okla. 143, 163 P. 537, decided by the same court February 27, 1917.
A specific tax has been defined as "one which imposes a specific sum by the head or number, or by some standard of weight or measurement, and which requires no assessment beyond a listing and classification of the subjects to be taxed." 1 Cooley on Taxation, 4th Ed., page 143, Section 52.
The Constitution of Ohio contains no provision for the levying of a "specific" tax, as do the constitutions of the states of Michigan and Oklahoma. The Ohio Constitution authorizes the General Assembly to tax *Page 593 
inheritances (Section 7, Article XII), incomes (Section 8, Article XII), and to levy excise and franchise taxes on the production of minerals (Section 10, Article XII). It provides for the taxation of property, and authorizes the General Assembly to "determine the subjects and methods of taxation or exemptions therefrom," limited only by the rule of uniformity in the taxation of land and improvements, and by the provisions that "no property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money" unless authorized by a vote of a majority of the electors of the taxing district, and that such taxes shall not be discriminatory.
Section 5 of Article XII of the Constitution provides that "no tax shall be levied, except in pursuance of law, and every law imposing a tax, shall state, distinctly, the object of the same, to which only, it shall be applied."
Concededly a tax based on the income yield of intangible property is not an income tax, an excise tax or a franchise tax. It necessarily is a tax upon property, and authority for this tax must be found in Section 2 of Article XII.
The question directly presented, therefore, is whether the authority granted the General Assembly to "determine the subjects and methods of taxation or exemptions therefrom" authorized the taxation of property upon any other than an ad valorem basis.
The constitutional provision conferring authority to classify personal property was adopted as a part of Section 2 of Article XII of the Constitution, on November 5, 1929. The entire section, as thus amended, was adopted at that time; hence all provisions thereof should be construed together and equal weight accorded them.
The word "subjects," as used in the constitutional provision, connotes and includes all kinds and classes *Page 594 
of property upon which a tax may be imposed. "Methods" means the manner of the assessment or imposition of the tax. The tax in question here is clearly authorized, and the method adopted is the application of a "yardstick of value" in that the amount of income realized from an investment is a potent if not a controlling factor in fixing the value of the stock, and may be determinative thereof where other proof of true value is lacking. This must be true since, under the provisions of Sections 5388, 5638 and 5638-1, General Code, if it were otherwise, the same shares of stock would be taxed according to value in a year when no income therefrom was received, and on a different basis for a year when income therefrom was received.
Income yield is defined in Section 5389, General Code, as follows:
" 'Income yield' as used in Section 5388 of the General Code and elsewhere in this title means the aggregate amount paid as income by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year * * *."
The tax on productive intangible personal property is based upon the income paid by the obligor during the previous year and, under Sections 5638 and 5638-1, General Code, the owner of the property on tax listing day is required to pay a tax of 5% of the income yield during the previous year, even though such income was paid in part or in whole to previous owners of the property. It follows that the owner of such stock may collect the entire year's income from the stock and sell it just before tax listing day and the entire burden of the tax thereon would fall upon the purchaser and the person who in fact received the income would have no liability whatever for taxes on the property which yielded the income. *Page 595 
Such a situation clearly shows an assessment based upon value of the property and not upon proceeds received therefrom. As previously observed, if such tax is not based upon value, then the method of taxation of such shares would vary annually, and the same shares of stock would be taxed according to value for the year when no income was received therefrom, and on a different basis for the year when income was paid by the obligor upon the stock. In fact, just such a situation is presented by the record in this case; for the taxpayer paid upon these shares at the rate of 2 mills, as required for unproductive investments, for 1937, 1938 and 1939, and returned the shares as productive investments for the year 1940, the year in question, and was accordingly assessed at the rate of 5% of the income yield for that year.
The conclusion seems inescapable that the assessment of a tax upon intangible property under these statutes is made according to value.
Were the stocks in question taxed in an amount in excess of the limitation provided in Section 2, Article XII of the Constitution? The determination of this question requires interpretation of the first sentence of such provision, which reads as follows:
"No property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition, or when provided for by the charter of a municipal corporation."
The purpose of the provision is clearly that of leaving to the electors of a taxing district the final determination of the amount of taxes in excess of one per cent to be levied upon the taxable property in the district, and the schedule to the 1929 amendment expressly *Page 596 
exempts taxes for the payment of bonds issued or authorized prior to the effective date of the amendment. Therefore, this provision does not create an inflexible maximum, but provides instead the limits within which taxing authorities may levy taxes without a vote of the people, and provides no limit upon the amount of taxes the voters may choose to levy upon themselves.
The taxpayers in this case are residents of Upper Arlington, Franklin county, Ohio. The record does not disclose the authorized tax rates of that taxing district, and does not show the amount of taxes authorized therein outside the ten-mill limitation. To establish their case, they must show that they are taxed in excess of the limitation provided by the Constitution, which is not necessarily one per cent of the true value in money of their property, but may be more.
The classification of property for taxation under this provision is subject to the provisions of Article I of the Constitution. Unless the taxpayers show that by reason of discrimination they are deprived of their rights under Article I or that they are taxed in excess of the limitations provided by Section 2, Article XII, they must fail.
A taxpayer who is assessed an amount in excess of one per cent of the true value thereof upon a productive intangible investment and claims that the excess so levied is unlawful and void, to be entitled to relief, must show that no additional levy of taxes in excess of the limitation has been authorized by the voters of the taxing district of his residence or by the charter of the municipal corporation within which he resides, and that therefore the limitation applicable to him is one per cent of the true value of the property so taxed.
It follows that the decision of the Board of Tax Appeals, *Page 597 
not being shown to be unreasonable or unlawful, is affirmed.
Decision affirmed.
WEYGANDT, C.J., BELL, TURNER and HART, JJ., concur.
ZIMMERMAN and WILLIAMS, JJ., concur in the judgment and paragraphs one, two and three of the syllabus, but are of the opinion that a tax of five per cent on the income yield of a productive investment is not a tax on the property "according to value," within the meaning of Section 2, Article II of the Constitution.