Stewart, J.
The single question presented to us is whether the income yield of the' shares of stock held by the taxpayers on January 1, 1956, shall be determined to be 45 cents or $1.80 per share.
Section 5711.22, Revised Code, which deals with listing and with rates of personal property tax, provides in part as follows:
“* * * In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, except as otherwise provided in Sections 5711.01 to 5711.41, inclusive, of the Revised Code, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield * * *. ”
Section 5701.10, Revised Code, reads in part as follows:
“As used in Title LVT1 of the Revised Code, ‘income yield’ means the aggregate amount paid as income by the obligor, trustee, or other source of payment to the owner or holder of an investment, whether including the taxpayer or not, during such year, and includes the following: < ( # # #
“(B) In the case of shares of stock, the dividends so paid or distributed * *
The theory of the Tax Commissioner is that since $1:80- *571 per-share dividends were paid on the stock of St. Regis which was outstanding during the entire year of 1955, and since the intangible tax is a property tax and not an income tax, $1.80 per share should be the income yield as to the taxpayers, even though only 45 cents per share was paid in dividends upon the stock issued to the taxpayers.
It is true that the intangible tax is a property tax and not an income tax. Rowe v. Braden et al., Tax Commission, 126 Ohio St., 533, 541, 186 N. E., 392; Bennett v. Evatt, Tax Commr., 145 Ohio St., 587, 62 N. E. (2d), 345; and Smilack v. Bowers, Tax Commr., 167 Ohio St., 216, 147 N. E. (2d), 499.
It is contended that from the nature of the tax all the shares of St. Regis had the same value on January 1, 1956; and that, since the stock which had been outstanding during all of 1955 had an income yield of $1.80 per share, this income yield should be applicable to all the stock even though that which had been issued to the taxpayers had had only an actual income yield of 45 cents per share on the stock itself, regardless of who held it. If the value of the stock was determined by its market valué on January 1,1956, assuredly each share should have been taxed upon the same valuation. However, the General Assembly has set up a different norm in fixing valuation. It has said that the income yield is the norm, and that the assessment shall be based on the amount of such income yield, which, in the case of shares of stock, shall consist of the dividends paid or distributed thereon.
It is true that on January 1, 1956, each share of stock of St. Regis was of equal market value, but the shares which were outstanding during all of 1955 had yielded $1.80 per share in dividends, and this is the norm for the assessment of those shares. On the other hand, the shares held by taxpayers were unissued during a part of 1955 and, after they were issued to the taxpayers, only 45 cents per. share was paid in dividends during that year.
It may seem unfair that those who held St. Regis stock which was outstanding during all of 1955 must pay a tax of five per cent of $1.80 per share, whereas the taxpayers must pay only five per cent of 45 cents per share, but the statutes provide for only one measure for the assessment of the in *572 tangible tax so far as dividend paying stocks are concerned, and that is the dividends paid or distributed during the year preceding tax-listing day, not to the holder of the stock but upon the stock itself, and 45 cents per share was the' total dividends paid during the year preceding tax-listing day upon the stock which was held by the taxpayers on such day.
There, are few, if any, tax statutes which operate in all cases fairly and equitably to all taxpayers, but, nevertheless, it is the legislative branch of the government which enacts the tax laws, and the only function of the judiciary is to interpret and declare what the legislators have said.
The decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and it is, hereby, affirmed.

Decision affirmed.

. Weygandt, C. J., Zimmerman, Taft, Matthias and Herbert, JJ., concur.