Radcliff, J.
The single question raised by this appeal is the constitutionality of Section 5731.02 (E), Revised Code, which reads as follows:
“A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:
i í * # #
“(E) Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will, provided when the persons holding said property jointly are a husband and wife, the survivor shall be deemed to have a succession taxable to the extent of one-half the total value of the property without regard to enhancement * *
It is appellant’s contention that the levying of a tax on property passing by virtue of joint and survivorship contracts, without regard to the amounts contributed by the co-owners, violates the provisions of Section 7, Article XII of the Ohio Constitution, which provides:
“Laws may be passed providing for the taxation of the right to receive, or to succeed to, estates, and such taxation may be uniform or it may be so graduated as to tax at a higher rate the right to receive, or to succeed to, estates of larger value than to estates of smaller value. Such tax may also be levied at different rates upon collateral and direct inheritances, and a portion of each estate not exceeding twenty thousand dollars may be exempt from such taxation.”
Basically, it is appellant’s argument that this constitutional provision authorizes succession taxes only on the right to receive or to succeed to estates, that one does not succeed to that which one already owns, and that to arbitrarily impose a tax *139 on one-half of joint and survivorship property owned by a husband and wife without regard as to whether the interest of the survivor has been increased over what was previously owned and without regard to the survivor’s contribution to the fund violates the constitutional provision.
It should be noted at the outset that, even without the provisions of Section 7, Article XII of the Ohio Constitution, the General Assembly has the power to impose succession taxes. In State, ex rel. Zielonka, City Solr., v. Carrel, Aud., 99 Ohio St., 220, 225, Chief Justice Nichols stated:
“A majority of this court are of the opinion that there is no constitutional limitation resting upon the authority of the General Assembly to levy tax on property 'of every kind and character, except that it must be uniform and according to its true value in money. Nor is there even this limitation on its power to provide for the levy of taxation on incomes, inheritances and franchises, including the imposition of excise taxes.”
Irrespective of this, however, an examination of Section 7, Article XII, shows that this section merely empowers the General Assembly to enact laws imposing taxes on the right to receive or to succeed to estates, and that it leaves completely to the General Assembly the power to define that which is to be considered a succession.
There is no question that the General Assembly may include in its definition of successions property which passes under joint and survivorship contracts. 28 American Jurisprudence, 173, Inheritance Taxes, Section 228.
A great deal of the confusion in these matters arises as a result of a misunderstanding of the nature of the estate tax. The true nature of the estate tax is well set forth in West v. Oklahoma Tax Commission, 334 U. S., 717, at page 727, where it is stated:
“Implicit in this court’s refusal to apply the Rickert doctrine to an estate or inheritance tax situation is a recognition that such a tax rests upon a basis different from that underlying a property tax. An inheritance or estate tax is not levied on the property of which an estate is composed. Rather it is imposed upon the shifting of economic benefits and the privilege of transmitting or receiving such benefits.” See, also, *140 United States Trust Co., Exr., v. Helvering, Commr., 307 U. S., 57, and Magoun v. Illinois Trust & Savings Bank, 170 U. S., 283.
Appellant urges, however, that she has no more now than she had prior to the death of the co-owner.
This brings us to a consideration of the practical legal effect of the joint and survivorship contract. It must be reme'mbered that the creation of such relationship is purely a voluntary act, and that there is no compulsion on an absolute owner of property to enter into such a relationship; however, when he does, he automatically places himself in a legal position different from that which he previously occupied.
The creation of a joint and survivorship contract as to property of which one is the absolute owner effectuates a complete and practical legal metamorphosis of such property. In such case, the joint and survivorship contract changes the nature of the ownership from one that is absolute with complete dominion over the property to an ownership which is defeasible, with a joint dominion over the property with another. By his own voluntary act, the absolute owner creates such rights in another that the prior absolute owner’s rights may be completely divested by such other person.
In other words, co-owners of joint and survivorship property have titles which are defeasible, and the death of one co-owner operates to invest the survivor with an absolute title in place of the prior defeasible title. Clearly, the death of a co-owner of a joint and survivorship property creates new rights in the survivor. There has been a definite shift of economic benefits to the survivor, and such shift constitutes a taxable succession. In Tax Commission v. Hutchison, 120 Ohio St., 361, where a similar problem was before this court, Judge Day, in his opinion, stated:
“The chief argument of the defendant in error is that the right of Mrs. Hutchison to consume the whole estate before the death of her husband existed to the same extent after his death, and therefore no additional right accrued to her; that the extinction of her husband’s rights by his death brought nothing to her that she did not have theretofore; that the tax is upon succession, and not upon extinction.

*141
CC # * *

“We are of opinion that by the death of James Hutchison there was an accrual to Letitia Hutchison of an exclusive right to the entire fund which she did not theretofore possess. The state claims that this amounted to one-half of the fund in question and was donative in character, and our conclusion is that the same is subject to the succession tax, as provided in Section 5332, General Code.”
The appellant urges, however, that the arbitrary designation of one-half of joint and survivorship property as a taxable succession, without regard to the actual enhancement of the surviving co-owner’s rights or, stated differently, without a consideration of the contribution to the fund by the co-owners, invalidates this section. The right of succession is created solely by statute. The Legislature can and has made distinctions therein, both as to the source or kind of property involved. The classic example is that of ancestral and nonancestral property. The distinction might well have been bottomed upon whether it was glaciated or unglaciated property, as the power of the Legislature is limited only by uniformity of application and reasonableness. The Legislature also has the power to change the portion or fraction that members of any given class may inherit. It has done so many times in the past and will doubtless do so again. Certainly there is no less power in the Legislature to tax in any manner or proportion the right of succession it has created. See State, ex rel. Taylor, Pros. Atty., v. Guilbert, Aud., 70 Ohio St., 229, at page 249 et seq. The Guilbert case was followed in Ostrander, Admr., v. Preece, Admr., 129 Ohio St., 625, and cited as compelling authority by Judge Taft in Bauman v. Hogue, Admr., 160 Ohio St., 296, at page 300.
The power to determine the taxability of various interests and the method of valuation thereof is invested in the General Assembly. So long as the classifications incorporated in taxing statutes are reasonable and the act has a uniform operation, barring a direct constitutional prohibition as to the matter contained therein, the act is valid.
Within the limits set by the Constitution, the General Assembly may provide for the methods of taxation and of valúa *142 tion and exemption of property from taxation. Bennett v. Evatt, Tax Commr., 145 Ohio St., 587, and Reed v. County Board of Revision, 152 Ohio St., 207.
There is no constitutional limitation in the present instance which affects the power of the General Assembly to determine the taxability of successions. As we have already determined, the transfer of ownership occurring as a result of the death of a co-owner constitutes a succession, and it is clearly within the legislative power to determine whether all or a part of such succession shall be subject to taxation.
The appellant urges the invalidity of this section on the ground that it creates a special classification as to joint and survivorship funds owned by a husband and wife.
It is a basic rule of law that reasonable classifications having a uniform operation may be made a part of any tax law. 38 Ohio Jurisprudence, 881, Taxation, Section 132.
A classification based on the relationship of husband and wife in no way is unreasonable. In law, such classification is common. For example, in succession taxes one of the classifications for exemptions is based on the marital relationship, in the federal income tax the rates are based on such relationship, in the law of garnishment the exemption is based on the marital relationship, and in the law of evidence one- of the bases of privilege is that of husband and wife. The basic purpose of the classification in the present case is to provide uniformity in the administration of the succession tax laws in relation to joint and survivorship property. Prior to the amendment of the statute, there was no uniformity among the various Probate Courts as to the taxation of joint and survivorship estates, each court applying the law in its own discretion. Certainly an act which provides uniformity in the application of the law does not create an unreasonable classification. Neither can it be said that such law is not of uniform application, since it operates precisely alike on all members of the same class, that of husband and wife.
It necessarily follows, therefore, that the imposition of a tax upon one-half of the amount of a succession which passes to a husband or wife by virtue of a joint and survivorship contract owned by them constitutes a valid exercise of the legislative power.
*143 It appearing that none of the errors urged are well taken, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell and O’Neill, JJ., concur.
Taft, J., dissents.
Radcliff, J., of the Fourth Appellate District, sitting by-designation in the place and stead of Herbert, J.