** LEGISLATIVE GROUPING OF COUNTIES FOR TAX PURPOSES
The burden to demonstrate that the classification of counties on the basis of population density is reasonably justified and not arbitrary, rests upon the State. The Legislature, in establishing such classification, must determine that the varying demands due to varying population densities are such a reasonable basis for classification. With that factual requirement met, such classification would be permissible. The Attorney General has considered your request for an opinion wherein you ask the following question: "Can the Legislature create groups of counties according to population and have them treated differently for tax assessing purposes from one group to another in order to take into consideration the demands created by the various population densities." The pertinent constitutional provisions controlling under this situation are Oklahoma Constitution, Article X, Section 5, Article V, Section 8, Article V, Section 22 and the Equal Protection Clause of the Fourteenth Amendment. Article X, Section 8 empowers the Legislature to "enact laws defining classifications of use of property for the purpose of applying standards to facilitate uniform assessment procedures in this State." Article X, Section 22 states: "Nothing in this Constitution shall be held, or construed to prevent the classification of property for purposes of taxation; and evaluation of different classes by different means or different methods." Article X, Section 5 states: "The powers of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class of subjects." (Emphasis added) Within constitutional limitations, Oklahoma case law has demonstrated that the Legislature has wide discretionary powers as to the classification of property for taxation purposes. In the Oklahoma case of Magnolia Petroleum Company v. Oklahoma Tax Commission, 188 Okl. 85, 106 P.2d 829
(1940), the Court indicated that in the exercise of power to classify property for the purpose of taxation, the Legislature is vested with wide discretion, subject to the constitutional provisions that taxes shall be uniform upon the same class of subjects. Substantial equality of taxation satisfies the requirements of the Fourteenth Amendment and once such requirement is met the particular method and classification is left to the Legislature's discretion. In Peterson v. Oklahoma Tax Commission, 395 P.2d 688 (1968) the Court stated that: "However, the Legislature has a wide range of discretion in classifying subjects of taxation, and to justify judicial interference, the classification adopted by the Legislature must be based on an unreasonable or arbitrary classification." (Emphasis added) Federal case law when viewing state taxation plans in regard to possible violations of the Equal Protection Clause of the Fourteenth Amendment, has also held that the State Legislatures are vested with wide discretionary powers. In Allied Stores of Ohio v. Bowers, 358 U.S. 522 (1959) the Court stated: ". . . The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attributed sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. . . ." In Walters v. City of St. Louis, 347 U.S. 231 (1954) the following was stated by the Court in Headnote 9: "In its discretion it (the State) may tax all, or it may tax one or some, taking care to accord all in the same class equality of rights." The court further stated in Headnote 11: "When the constituted authority of the state undertakes to exert the taxing power, and the question of the validity of its action is brought before this court, every presumption in its favor is indulged, and only clear and demonstrated usurpation of power will authorize judicial interference with legislative action." In Levy v. Parker, 346 F. Supp. 897
(1972) the Court stated: "A system of state taxation is valid if there is any conceivable state of facts which would support it." It is upon this presumption of legislative validity, that a proposed plan for tax assessing purposes must be viewed. The crucial question becomes, whether classification of property into rural and urban categories with different respective assessments is an unreasonable, arbitrary, or otherwise unconstitutional basis for classification. Differences in population must present a reasonable basis upon which to differentiate subjects in order to avoid Article X, Section 5 and the Due Process Clause of the Fourteenth Amendment. In the Oklahoma case of Custer County Excise Board v. St. Louis — San Francisco Railway Company, 201 Okl. 528, 207 P.2d 774
(1949), the Court stated: "Classification of property must rest upon some difference which bears a reasonable and just relation to that act in respect to which the classification is proposed. Obviously, there is no difference between rural property and urban property in its relation to ad valorem tax or tax based upon values so that one property may be distinguished from another as an object of taxation. Location alone, is not a basis for the classification of the property for purposes of taxation on the basis of value. Rural and urban property being in the same class as a subject of ad valorem tax, it follows that uniformity requires that such property . . . should be treated alike and have the same rate of levy applied." (Emphasis added) In Blake v. Young, 128 Okl. 153,261 P. 923 it was held that the uniformity provision of the Oklahoma Constitution, Article X, Section 5, relates to the rate of taxation and not to the valuation of property. While this case might be construed to indicate that uniformity of valuation is not required among subjects within the same class, such a result would not be justified under Walters v. City of St. Louis, supra, where in order to satisfy the Equal Protection Clause, the State must "accord all in the same class equality of rights." A Fifth Circuit Alabama Federal Court case, Weissinger v. Boswell, 330 F. Supp. 615 (1971) discussed tax assessments which differed by geographical location, wherein the Court stated: "While distinctions based upon geographical areas are not in themselves violative of the Fourteenth Amendment, Salsburg v. Maryland, 346 U.S. 545(1954), a state must demonstrate, if it wishes to establish different classes of property based upon different geographical localities — example, rural areas as opposed to urban areas — that the classification is not arbitrary but rests upon some reasonable consideration of difference or policy." In this case there were urban areas of property assessed at 26.8 percent of actual cash value while some rural areas were assessed at 9.7 percent of actual cash value. Also areas of comparable population size were assessed at different percentages of actual cash value. The Court was unable to find any legitimate state objective behind the vast disparity in assessing procedures, and thus ruled the classification arbitrary. "The Equal Protection Clause of the Fourteenth Amendment relates to equality between persons rather than between areas." Such was the language of Levy v. Parker,346 F. Supp. 897 (1972). The Court also stated that: "It (Equal Protection Clause) does not mandate geographical uniformity. Thus, it has been held that a state may proscribe one rule of law for one urban county or parish and another for the rest of the state." "If, however, arbitrary discrimination is demonstrated, the mandate of the Equal Protection Clause is applicable without regard to the manner in which the discrimination is achieved or the nature of the interest affected." While geographic uniformity is not mandatory under the Equal Protection Clause of the Fourteenth Amendment, equality between persons, which is necessarily closely related to geographic variation, has been mandated. Thus, while distinctions in themselves are not violative of the Fourteenth Amendment, the underlying and closely related rights of persons might be adversely affected. This appears to be the reasoning for the judicial requirement of a showing of a reasonable underlying basis for a tax scheme resulting in geographic distinction. The burden of showing such a reasonable basis was not met in the Weissinger case, supra. It is, therefore, the opinion of the Attorney General that your question must be answered in the following manner: The burden to demonstrate that the classification of counties on the basis of population density is reasonably justified and not arbitrary, rests upon the State. The Legislature, in establishing such classification, must determine that the varying demands due to varying population densities are such a reasonable basis for classification. With that factual requirement met, such classification would be permissible. (Odie A. Nance)