Br the Court.
 

 This is a contest between an owner of taxable property and tax officials, including the Tax Commission of Ohio, involving the valuations placed upon the property and entered upon the tax duplicate for collection.
 

 The property in question is the Cedar Point resort property and its equipment, located partly in the city of Sandusky and partly in Huron township, Erie county.
 

 The owner claims that the valuations grossly exceed the true taxable value of the property, and further claims that the valuations were not made as required by law, and are wholly illegal for that reason also.
 

 
 *41
 
 The tax officials deny all such allegations made by the owner. The total valuations, as placed on the tax duplicate, were $2,757,550. The owner first appealed to the county board of revision to correct the claimed wrong. That board refused any relief. The owner then carried the case on appeal to the Tax Commission of Ohio, pursuant to the provisions of Sections 5610 and 5611, General Code. The Tax Commission heard the evidence and reduced the total valuations from $2,757,550 to $1,916,000 (the amount of the reduction being $841,550), and sustained the assessment as thus modified. The owner prosecuted error to the common pleas court, pursuant to Section 5611-2, General Code. The common pleas court denied the owner any relief, dismissed the owner’s petition, and remanded the case to the auditor for further procedure in collecting the taxes. The owner prosecuted error to the Court of Appeals. The Court of Appeals found that the judgment of the court of common pleas was manifestly against the weight of the evidence, and that the valuations were shown by clear and convincing evidence to be excessive, but further found that, if the tax officials would remit from the valuations, as modified and affirmed by the Tax Commission, the further sum of $166,000, bringing the valuation down to $1,750,000, then the judgment of the court of common pleas should be affirmed. The
 
 remittitur
 
 suggested was made, and the Court of Appeals then affirmed the judgment of the court of common pleas. The owner prosecutes error to this court.
 

 Section 5548, General Code, provides how the county auditor shall value'property for taxation, and this section authorizes the county auditor to em
 
 *42
 
 ploy experts and other clerks to aid him in this work of appraising property for taxation. The pertinent part of the section, in this respect, reads as follows: “Such experts * * * shall perform such services as the county auditor may direct in ascertaining such facts, description, location, character, dimensions of buildings and improvements, and such other circumstances reflecting upon the value of such real estate, as will aid the county auditor in fixing its true value in money.”
 

 Sections 5610 and 5611 empower the Tax Commission to hear appeal from the board of revision, but do not authorize the Tax Commission to make the appraisement; the law requires that the appraisement shall be made by the county auditor.
 

 The auditor employed a professional appraising firm in Cleveland, the J. M. Cleminshaw Company, whose manager was J. M. Cleminshaw. This company had in its employ several men working under the supervision and direction of Mr. Cleminshaw to assist him in making an appraisement of the property in Erie county, and in other counties, generally, including the property embraced in this action. The clerks and subordinates of the appraising company did the actual work of appraising, and made reports of their work, from time to time, to Cleminshaw. None of the appraising was actually done by Cleminshaw himself, except in this way. He assumed the facts stated in these reports of his subordinates to be true, and from these reports alone he prepared a statement of valuations for the auditor, and the auditor adopted the statements so made as true and correct and entered the' valuations so fixed on the
 
 *43
 
 tax duplicate accordingly. There is no conflict in the evidence as to how these things were done.
 

 The subordinates who examined the property and made the reports were not called as witnesses to support the correctness of the valuations so fixed and placed on the tax duplicate. Cleminshaw was called as a witness, and over the objections of the owner was permitted to testify to the correctness of the appraisement. His testimony was wholly hearsay, and was clearly incompetent. Other than this incompetent evidence, the tax officials offered no evidence to sustain the valuations put on the tax duplicate. The owner called several witnesses whose testimony strongly tended to sustain the allegations of the owner that the valuations were grossly excessive. The finding of the Tax Commission that the valuations as placed on the duplicate were $841,550 too high, and the later finding of the Court of Appeals that the valuations thus reduced were still $166,000 too high — the Court of Appeals stating in its findings that these facts were established by evidence that was clear and convincing — are most significant. There is no provision in the law which authorizes the auditor to divest himself of the duty of personally making the appraisement. True, he may call to his aid and assistance experts and clerks, but he may not confer on them or any of them the power to do the things which the law commands the auditor to do.
 

 The plain undisputed facts in this case as to overvaluations, shown by the reductions made as stated, emphasize the wisdom of the law which requires the county auditor to make the appraisements and not to turn the task over to an expert, nonresident of the county, not personally familiar with any of the tax
 
 *44
 
 able property of the county, and who must and does rely in turn on the reports of others only.
 

 We have no difficulty in reaching the conclusion that the appraisements of the property embraced in this action were illegally made, were grossly excessive in amount, and were not sustained by any competent evidence.
 

 We have not overlooked the point made by counsel for the tax officials that the Court of Appeals was without jurisdiction to hear the case because the hearing in the court of common pleas was in fact tantamount to a hearing on appeal from the Tax Commission — though in all respects treated and conducted by all parties as a proceeding in error — and no motion for a new trial was filed in the court of common pleas, nor was any bill of exceptions ever taken in that case. Section 5611-2 provides that the review shall be accomplished by proceedings in error. The point is ingenious and very interesting, but, in view of all that is shown by the record, we are not able to appreciate substantial merit in this position taken by counsel for the tax officials.
 

 In view of the conclusion we have reached on the two points mentioned, no useful purpose will be served by a discussion of other points made by counsel in the case. The finding of the Tax Commission and the judgments of the lower courts will be reversed, and this case is remanded to the court of common pleas for further proceedings not inconsistent with this opinion.
 

 Judgments reversed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.