## In re SOONER OIL & GAS CO.'S COMPLAINT.

No. 24174.   May 22, 1934.

Rehearing Denied June 19, 1934.

Darrough & Foster, for plaintiff in error.

C. W. King, for Oklahoma Tax Commission.

OSBORN, J.   This is an appeal by the Sooner Oil & Gas Company from an order of the State Board of Equalization assessing the property of said company for taxation for the year of 1932. The sole contention is that the State Board of Equalization was without jurisdiction to assess said property and that the same was properly assessed by the county assessor of Creek county. The cause was heard by the State Board of Equalization on the following agreed stipulation of facts:

"It is stipulated and agreed by and between the Sooner Oil & Gas Company and the Oklahoma Tax Commission, as follows, to wit:

"1. That the Sooner Oil & Gas Company is an Oklahoma corporation, duly authorized to transact business within this state.

"2. That the property of the Sooner Oil & Gas Company consists of one six-inch line, extending from the Liberty Glass Company to a gas field located in Mounds township, Creek county, Okla., same being approximately ten miles long, and one six and five-eighths inch O. D. pipe line, extending from the glass plant of the Liberty Glass Company to section 13, township 18, range 11, Creek county, same being approximately two and one-half miles long, and that these lines constitute all of the property of the Sooner Oil & Gas Company in the state of Oklahoma except the necessary gathering lines, meters, regulators, fittings, etc., necessary in the operation of said pipe line.

"3. That the principal function of the Sooner Oil & Gas Company is to purchase, transport and sell natural gas to the glass plant of the Liberty Glass Company, located approximately one mile north of Sapulpa, Creek county, Okla., to be used to operate the said glass company.

"4. The Sooner Oil & Gas Company and the Liberty Glass Company are owned and controlled by the same stockholders and officers.

"5. That the Sooner Oil & Gas Company has never exercised the right of eminent domain by condemnation and does not furnish gas for use by the public, but operates solely as a gas transporting company.

"6. That the Sooner Oil & Gas Company did, in January, 1932, enter into a contract to furnish gas to the city of Sapulpa to be used in the operation of the water pump station owned by the said city of Sapulpa and that, under this contract, either party has the right to cancel, upon 30 days' notice.

"7. That the Sooner Oil & Gas Company did own and operate certain gas transmission and distribution property in LeFlore county, Okla., which were used to furnish gas to the public, but that this property was sold during the year 1931, and the company did not own the same on January 1st, or February 1st, 1932, and at that time did not own or operate any property except the aforementioned pipe line properties in Creek county, Okla.

"8. It is further stipulated and agreed that, upon notice given by the Oklahoma Tax Commission to the Sooner Oil & Gas Company to file its return with the said

Oklahoma Tax Commission for the assessment of its properties by the State Board of Equalization for 1932, that the said Sooner Oil & Gas Company filed its return but, at the same time, filed a written protest to the compliance with such order because of the contention of the company that the Oklahoma Tax Commission and the State Board of Equalization are without jurisdiction or authority to require the rendition of the property of the said Sooner Oil & Gas Company and are without jurisdiction and authority to assess the property of the said company for the year 1932; and that a hearing upon such protest was had before the said Oklahoma Tax Commission on May 26, 1932, and said protest was overruled and an order entered by the Oklahoma Tax Commission overruling and denying said protest and holding that the property should be assessed by the State Board of Equalization and the Oklahoma Tax Commission have exclusive jurisdiction in the assessment of the properties of the said Sooner Oil & Gas Company."

It will be seen from the foregoing statement of facts, when compared with the facts in the case of Pure Oil Pipe Line Co. v. Cornish, 163 Okla. 79, 20 P. (2d) 1041, that the facts in both cases are substantially identical. At least they are the same in so far as the question presented to this court for determination is concerned.

An examination of the briefs and arguments of appellant shows that the same contentions of law are made herein as are dealt with in the case of Pure Oil Pipe Line Co. v. Cornish, supra. It would serve no useful purpose to reiterate said discussion here.

It is further contended that the entire pipe line involved in the instant case is located in one county, whereas in the case of Pure Oil Pipe Line Co. v. Cornish, supra, the pipe line involved traversed several counties. This fact is not sufficient to distinguish the two cases. We find nothing in the Constitution or in the statutes which requires a classification of property for taxation on the basis of its location in one or several counties.

The order of the State Board of Equalization is sustained.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., concur.