Jorene DAVIS, Plaintiff in Error,

v.

R. Forney SANDLIN, Administrator, Defendant in Error.

No. 40419.

Supreme Court of Oklahoma.

June 2, 1964.

Julian B. Fite, Hardy Summers, A. Carl Robinson, Muskogee, for plaintiff in error.

Kay Wilson, Jr., Muskogee, for defendant in error.

JACKSON, Justice.

This appeal arises from probate proceedings in the County Court of Muskogee County. The basic question sought to be presented is whether the proceeding was properly brought in Muskogee County.

In December, 1959, R. Forney Sandlin filed in the County Court of Muskogee County a petition for his appointment as

the administrator of the estate of James R. Davis, deceased. The allegations of his petition were sufficient to place the venue of the probate proceeding in Muskogee County under 58 O.S.1961 § 5, subdivision 2.

The record shows that notice of the hearing of his petition was given as required by law. On December 22, 1959, at a hearing at which the widow did not appear, Sandlin was appointed administrator. He posted bond, received letters of administration, and gave notice to creditors.

About two weeks later, Jorene Davis, the widow, appealed the order appointing the administrator to the District Court of Muskogee County. On August 12, 1960, that court entered its judgment dismissing the appeal and remanding the cause to the county court for the specific reason that it had no jurisdiction of the attempted appeal because Mrs. Davis had not executed and filed the affidavit required by 58 O.S.1961 § 723. This judgment of the district court was appealed to the Supreme Court which, on Nov. 21, 1961, sustained the district court judgment. Davis v. Sandlin, Okl., 366 P.2d 931.

On August 12, 1960, the same day judgment on the attempted appeal was entered in the district court, Mrs. Davis filed in the county court probate case a petition to set aside the appointment of the administrator and dismiss the cause, upon the sole ground that the county court was without jurisdiction because at the time of his death Davis was not a nonresident of this state, but was a resident of Hughes County, Oklahoma. If true, this allegation would have placed the proper venue of this action in Hughes County under 58 O.S.1961 § 5, subdivision 1.

This petition was apparently held in abeyance pending a determination of the appeal to the Supreme Court from the prior judgment of the District Court. It was finally heard on April 27, 1962, at which time the county court entered judgment denying the petition for the specific reason that the judgment in the prior attempted appeal to the district court had rendered the subject matter of the petition to vacate res judicata.

This latter judgment was appealed to the district court and was sustained for the same reason. The appeal now before us, by Mrs. Davis, the widow, is from the last mentioned district court judgment.

In her briefs, Mrs. Davis argues two propositions to the general effect that the judgment in the prior attempted appeal to the district court did not render the subject matter of the petition to vacate res judicata, and that judgment should have been entered setting aside the appointment of the administrator and dismissing the cause. Although there may be merit in these arguments, we have reluctantly concluded that we may not consider them for the reasons set out below.

In his answer brief, the administrator argues, among other things, that the attack in the district court on the findings of the county court as to the residence of the decedent at the time of his death came too late, and in support thereof he cites 58 O.S. 1961 § 724, which provides:

"An appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within thirty days from the date of the judgment, decree or order appealed from."

The record before us conclusively shows that the order appointing administrator was entered on December 22, 1959, and that the subsequent appeal to the district court was taken on May 4, 1962.

■ The provisions of the quoted statute are mandatory and jurisdictional. Sutter v. Sockey, 97 Okl. 107, 223 P. 161; Hines v. Armstrong, 182 Okl. 134, 77 P.2d 671; Shaw v. Sturgeon, Okl., 304 P.2d 341, 343.

In answer to this argument, Mrs. Davis says that the May 4, 1962 appeal to the district court was in effect a proceeding to vacate a judgment under 12 O.S.1961 § 1038, and was properly brought within three years.

■ Said Sec. 1038, by its terms, provides only for limitations of proceedings

to vacate judgments under 12 O.S.1961 § 1031. Sec. 1031 is, by its terms, applicable only to the power of the *district* court to vacate *its own* judgments or orders. It does not authorize a district court to vacate probate proceedings in county court during a period of three years.

■ Mrs. Davis also says that Mr. Sandlin did not argue before the district court that the appeal was not brought in time, but tried it wholly on the theory that the judgment in the prior attempted appeal rendered the matters involved res judicata; and that he should not be permitted to change his theory of the case on appeal. However, it is well settled that the question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not. Application of Central Oklahoma Milk Producers Association, Okl., 312 P.2d 500; Harber v. McKeown, 195 Okl. 290, 157 P.2d 754.

We are aware that it might be argued that from the procedural standpoint, the appeal of May 4, 1962, was from the county court order refusing to vacate the appointment of administrator, which order was entered on April 27, 1962, and that the appeal was therefore in time. Mrs. Davis has not raised this argument in her briefs, and we think she was correct in not doing so. The appeal of May 4, 1962, was on jurisdictional questions which were decided by the county court at the time the order appointing administrator was made on December 22, 1959. If, over seven months later, Mrs. Davis could "re-create" a right to appeal merely by filing a petition to vacate the appointment, the requirements of 58 O.S.1961 § 724, would be completely nullified. In this connection, we note that there is a question as to the right of Mrs. Davis to appeal at all in this case, since the order appointing administrator was made on her default after statutory notice. See 58 O.S.1961 § 722. This was not a petition for the removal of the administrator because of his dereliction of duty or other matters occurring since the original appointment.

■ We hold that the appeal to the district court filed on May 4, 1962, in which it was sought to re-litigate jurisdictional matters decided by the county court on December 22, 1959, came too late under the provisions of 58 O.S.1961 § 724, and the district court did not acquire jurisdiction to consider it.

■ The judgment of the district court entered on August 8, 1962, which is the judgment under consideration in this appeal, had the effect of affirming the judgment of the county court. A dismissal in the district court for lack of jurisdiction would have had the same effect. Such being the case, it is immaterial that the district court gave other reasons than lack of jurisdiction as a basis for its judgment. Peterson v. Roberts, 186 Okl. 496, 100 P.2d 431; Chaney v. Reddin, 201 Okl. 264, 205 P.2d 310.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.