**UNITED AIRLINES, INC., a Delaware corporation, and Transworld Airlines, Inc., a Delaware corporation, Appellees,**

**v.**

**The STATE BOARD OF EQUALIZATION, Joe B. Barnes, County Treasurer for Oklahoma County, John F. Cantreel, County Treasurer for Tulsa County, and Rosemary Bainbridge, County Treasurer for Comanche County, Defendant,**

**and**

**Oklahoma Tax Commission, Appellant.**

**No. 68047.**

Supreme Court of Oklahoma.

March 27, 1990.

---

**2.** Okl.Sess.L.1989, Ch. 168, approved May 8, 1989, eff. Oct. 1, 1989 (68 O.S.Supp.1989 § 1373) and Nov. 1, 1989 (68 O.S.Supp.1989 § 2702).

Joe Mark ElKouri, Gen. Counsel, Douglas F. Price, Oklahoma City, for appellant.

Clyde A. Muchmore, Laurence J. Whalen, Harvey D. Ellis, Jr., Crowe & Dunlevy, Oklahoma City, for appellees.

SIMMS, Justice:

■ This appeal of a declaratory judgment concerns the question of which governmental entity, the State Board of Equalization and Oklahoma Tax Commission or a county assessor, is statutorily required to determine the amount of ad valorem tax to be assessed to airline companies under the Oklahoma tax code. In order to make this determination, we must interpret 68 O.S. 1981, § 2442 [1] to ascertain whether airline companies fall within the definition of public service corporations found therein.

---

1. Section 2442 provides in pertinent part as follows:

"As used in this Article the term 'transportation company' shall include any company, corporation, trustee, receiver or any other person owning, leasing or operating for hire a railroad, street railway, canal, steamboat line, and also any sleeping car company, parlor car company and express company, and any other company, parlor car company and express company, and any other company, trustee, or person in any way engaged in such business as a common carrier.... The term 'public service corpora-tion,' as used in this Article, shall include all transportation and transmission companies, all gas, electric, light, heat and power companies and all water works and water power companies, and all persons authorized to exercise the right of eminent domain or to use or occupy any right of eminent domain or to use or occupy any right of way, street, alley, or public highway, along, over or under the same in a manner not permitted to the general public. The term 'person' as used in this Article shall include individuals, partnerships, associations

Because we find that airline companies are public service corporations as that term is defined in Section 2442, we conclude that the State Board of Equalization and Oklahoma Tax Commission properly assessed appellees herein. Consequently, we reverse the district court's judgment declaring the State Board of Equalization and the Oklahoma Tax Commission to be without "jurisdiction" to assess ad valorem taxes against appellees. A brief recital of the undisputed facts is necessary for a complete understanding of our pronouncement.

## I.

Since 1943, the State Board of Equalization (State Board) and the Oklahoma Tax Commission (Tax Commission) have assessed airline companies doing business in Oklahoma for purposes of ad valorem taxes in the same manner that the two governmental entities have assessed railroad companies and other public service corporations under the authority of what are now 68 O.S.Supp.1988, §§ 2443 and 2444. United Airlines and Trans World Airlines (Airlines) filed this action in the district court requesting declaratory and injunctive relief to prohibit these governmental entities from "exercising unlawful jurisdiction" over them. Also named as defendants in the action were the County Treasurers of Tulsa County, Oklahoma County, and Comanche County who held the taxes paid by the appellees for their 1985 ad valorem assessments. Appellees requested these funds be returned on the grounds that they were improperly assessed under 68 O.S. 1981, §§ 2443–2456.

The district court denied the motions to dismiss of the defendants and sustained the Airlines' motion for summary judgment holding that the definitions of transportation company and public service corporation set forth in 68 O.S.1981, § 2442 do not include airline companies, and therefore, the acts of the State Board and the Tax Commission in assessing ad valorem taxes

and corporations in the singular as well as the

against Airlines in 1985 were *ultra vires* and void.

The court refused to compel the county treasurers to refund the 1985 assessments, but rather, instructed the treasurers to hold the funds and credit them towards the 1985 ad valorem taxes due under the proper assessment procedure. Only the Tax Commission appealed the court's decision.

## II.

■ Tax Commission first asserts the judgment should be vacated because the district court was without subject matter jurisdiction. In response, Airlines assert that this jurisdictional issue is not reviewable because the Tax Commission failed to raise it in its motion for new trial.

It is "well settled that the question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken." *Davis v. Sandlin*, Okl., 392 P.2d 722, 725 (1964). Thus, since the question presented concerns the jurisdiction of the district court to hear the original action, we will address it notwithstanding the failure of Tax Commission to raise it in the post-judgment motion. See also *Luster v. Bank of Chelsea*, Okl., 730 P.2d 506, 508 (1986); *Carter v. State*, Okl., 708 P.2d 1097, 1099 (1985).

■ Tax Commission contends that the district court had no jurisdiction to hear the case brought by Airlines because Airlines did not exhaust their statutory remedies under 68 O.S.1981, § 2468. Section 2468(a) provides:

"The proceedings before the Boards of Equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

plural number."

Tax Commission stresses that under this statute the *sole* method for assessments or equalizations to be corrected or taxes abated is by proceedings before the State Board of Equalization or an appeal therefrom. Tax Commission further notes that equitable relief is only available if the complainant has no taxable property within the district. The district court granted only declaratory relief, therefore, the statutory provision concerning equitable remedies is immaterial.

The argument asserted by appellant, Tax Commission, is identical to the argument we addressed in *Cantrell v. Sanders*, Okl., 610 P.2d 227 (1980) which also concerned this statute. The appellants in *Cantrell*, the county treasurer and county assessor of Tulsa County, contended that the district court had no jurisdiction to hear a case brought by property owners who were assessed at a higher percentage than other owners when those aggrieved taxpayers did not first seek relief from the Tulsa County Board of Equalization pursuant to Section 2468. We determined that because the challenged actions of the treasurer and assessor were not subject to review by the board, no statutory appeal was available. Consequently, Section 2468 did not apply; rather, Section 2469 was the applicable statute. Section 2469 provides, in pertinent part,

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them."

Airlines claim that this is the very procedure they followed in bringing this action. They paid the taxes under protest when they became due and gave notice to Tax Commission and other officials of the impending litigation. Upon the commence-

ment of this action, Tax Commission and the other party-defendants asserted the applicability of Section 2468 to the trial court. In response, Airlines brought a proceeding before a hearing officer of the State Board of Equalization who found that the State Board had proper jurisdiction. Airlines did not appeal this ruling, and they assert in their brief that the State Board has stayed all further proceedings before it until this Court determines this appeal.

Since the action brought was one challenging the jurisdiction of the State Board and the Tax Commission and their authority to assess ad valorem taxes against Airlines, we find that it was not an action to which Section 2468 applies. The provision clearly governs a situation where a taxpayer brings a proceeding before the State Board requesting the Board to correct equalizations or assessments which were made in error or requesting an abatement of his taxes. It also governs appeals from such proceedings. Airlines' requests, however, were in the nature of a determination of whether they were to be assessed by the State Board at all. Such a request would more naturally fall under Section 2469 because no statutory provision sets forth the procedure for appealing an assessment made beyond the jurisdiction of the boards.

Moreover, this case appears to be one in which the administrative remedies are not adequate to give the relief required. We have long held that inadequacy of administrative remedies creates an exception to the doctrine requiring exhaustion of administrative remedies. See: *April v. City of Broken Arrow*, Okl., 775 P.2d 1347 (1989); *Mattoon v. City of Norman*, Okl., 617 P.2d 1347 (1980); *Lincoln Income Life Insurance Co. v. Wood*, Okl., 556 P.2d 602 (1976); *Martin v. Harrah Indep. School Dist.*, Okl., 543 P.2d 1370 (1975). However, this exception requires a strong showing of the alleged inadequacy. *Ibid.* Accord *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Commission*, Okl., 764 P.2d 172 (1988).

Certainly where no remedy is provided by the statutory scheme an inadequacy ex-

ists and a strong showing is made. Even if a remedy within the administrative agency existed, we find that it is more appropriate for the trial court to determine the jurisdiction of the board for as 73A C.J.S. *Public Administrative Law and Procedure,* § 241, states,

> "All questions of the jurisdiction, and of the constitutional or statutory power or authority of a board, commission, or other administrative agency to make an order or decision which it undertook to make are open to judicial inquiry and determination. This is so even where judicial review is proscribed by statute.
>
> Accordingly, the determination of an administrative body with respect to its jurisdiction is always subject to judicial review and, although great weight may be accorded to a determination of jurisdiction, the court is not bound or concluded by the administrative findings or recitals as to jurisdictional facts."

Therefore, we hold that the district court had jurisdiction to hear Airlines' declaratory action.

### III.

 Tax Commission next asserts that Airlines improperly used declaratory relief as a substitute for an appeal citing *Conoco, Inc. v. State Dept. of Health,* Okl., 651 P.2d 125 (1982). *Conoco* concerned a declaratory judgment action brought in a district court to challenge a rule upon which an agency had based its decision in a ruling adverse to the plaintiff. Important to our decision disallowing the declaratory action was a finding that the action resulted from the plaintiff's failure to properly appeal the agency's order. We noted that "an action for declaratory judgment may be appropriate before an order has been issued, but that afterwards the order can be appealed only by way of [75 O.S.1981,] § 318." *Id.,* 651 P.2d, at 131 (referring to *Associated Builders and Contractors of Oklahoma v. State, ex rel., Oklahoma Dept. of Labor,*

Okl., 628 P.2d 1156 (1981) wherein we set forth the two alternative procedures—declaratory action prior to administrative proceedings or appeal from such administrative proceedings).

Since we find that it was not improper for Airlines to bring the declaratory action in district court before going first to the State Board and appealing therefrom, we hold that Airlines properly invoked the jurisdiction of the district court by bringing the declaratory action as such and not as a substitute for an appeal.[2] Accord: *Oklahoma Tax Commission v. Smith,* Okl., 610 P.2d 794, 802 (1980).

### IV.

Tax Commission's argument on the merits is that the district court improperly determined that airline companies are not public service corporations under the statutory definition provided in 68 O.S.1981, § 2442. Airlines counter by arguing that the provision only applies to those corporations and companies which are specifically listed in the statute. A brief synopsis of the ad valorem tax code relating to this case is essential to a proper determination, and thus, we begin with an abbreviated look at the relevant code provisions.

The parties agree that two distinct assessment procedures exist under Oklahoma's ad valorem tax system. Under Section 2443 of Title 68, the "property of all railroad and public service corporations" is assessed annually by the State Board of Equalization. Article 10, Section 21 of the Oklahoma Constitution establishes the State Board and also provides for its duties, including the assessment of railroad and public service corporation property. All other property is assessed locally by the respective county assessors pursuant to 68 O.S.1981, § 2427.

Section 2444 of Title 68 requires the afore-mentioned corporations to file sworn returns of their taxable property with the Tax Commission. The Tax Commission

2. See Annot., 11 ALR 2d 359 (1950).

then makes findings and suggested assessments of the listed property and furnishes the State Board of Equalization with a letter of transmittal containing these findings. 68 O.S.1981, § 2454. The State Board valuates and assesses the property pursuant to the returns filed, the recommendations of the Tax Commission and other fact finding procedures as set forth in Section 2455. These assessments are then certified by the State Auditor to each county in which any portion of the property is located. Each county's pro-rata share of the total assessment is then entered on the assessment rolls of the county and the tax collected in the same manner as other property taxes. 68 O.S.1981, § 2456.

This litigation arose under Section 2442 because Airlines asserted in the district court that the statute's definition of public service corporation did not include their businesses. They argued that they were entities other than a railroad or public service corporation, and therefore, should be assessed locally by the county assessors under Section 2427.

Tax Commission contends that airline companies are both a transportation company and a person[3] authorized to use or occupy any right of way or public highway over the same in a manner not permitted to the general public. Because we find herein that airline companies are public service corporations as defined in Section 2442, supra, n. 1, we need not address Tax Commission's argument that airline companies are transportation companies.

In 1988, the Oklahoma Legislature, possibly in response to this action, amended Section 2442 to the effect that airline companies explicitly fall within the definition of public service corporations. 1988 Okla. Sess.Laws, ch. 258, § 1. The amendment defines the term "public service corporation" to include "all air carriers, as defined under federal law, of scheduled passenger service and/or freight." The appellees,

Airlines, clearly are public service corporations under this definition. However, this amendment does not govern the situation before us because it was passed after this cause arose. Although we cannot apply the amendment to this case, its enactment sheds light on the legislative intent behind this provision, and thus, is helpful in our determination.

By amending a statute, the legislature typically intends to effect a change in existing law *or* clarify that which was previously doubtful. *Board of Education, Vici Public Schools, Indep. School Dist. No. I-5, Dewey County v. Morris,* Okl., 656 P.2d 258, 261 (1982); *Magnolia Pipe Line Co. v. Oklahoma Tax Commission,* 196 Okl. 633, 167 P.2d 884 (1946). In *Magnolia Pipe Line,* this Court stated:

"Where the former statute was clear, or where its meaning had been judicially determined, the amendment may reasonably indicate that the intention of the legislature was to alter the law ... On the other hand where the meaning of the former statute was subject to serious doubt, or where controversies concerning its meaning had arisen, it may be presumed that the amendment was made to more clearly express the legislative intention previously indefinitely expressed." 167 P.2d, at 888. (Citations omitted) See also: *County Board of Equalization, Pittsburg County v. Muskogee Industrial Finance Corp.,* Okl., 357 P.2d 224, 227–28 (1960).

At the time the provision was written its meaning was clear. See 1909 Okla.Sess. Laws, ch. 38, art. IV, § 1. Thus, its application to those industries in existence was likewise clear. As new industries, or public service corporations, were created, the applicability of the statute to the new industries became an issue. Hence, this Court had occasion to interpret this particular provision and determine whether an oil pipe line company was to be considered a

**3.** The term "person" as used in Section 2442 includes corporations such as appellees. See: note 1, supra.

public service corporation under the statute. *Pure Oil Pipe Line Co. v. Cornish*, 163 Okl. 79, 20 P.2d 1041 (1933). On 20 P.2d page 1043 therein, we found the legislative intent in enacting the forerunner to Section 2442 as follows,

> "While the legislative provision with reference to transportation companies may have been limited, in terms, to those engaged in such business as common carriers, there was no such limitation, in terms, as to transmission companies, and, since transportation companies and transmission companies were included within the term 'public service corporation' along with other companies, without any provision as to their being common carriers, *it is evident that the Legislature intended to include in the term 'public service corporation' companies other than transportation and transmission companies engaging in business as common carriers.*" (Emphasis added)

This language suggests that the term "public service corporation" is to be broadly construed to include within its meaning any company which might fit its definition and not just the companies specifically listed. Therefore, we are not to construe the statute and apply it to Airlines in a manner which defeats the purpose this Court apparently found to be evident in its enactment.

When the provision was judicially determined to include pipe line companies in *Pure Oil*, supra, the legislature had an opportunity to correct any judicial misinterpretation this Court might have made in regards to the intent of the statute. However, the legislature did not amend the provision. Hence, the legislature did not express a disagreement with this Court's previous determinations concerning the forerunner to § 2442. With this in mind, we do not find the amendment in 1988 to indicate the legislature intended to alter the law. Rather, the fact that new types of companies have emerged resulting in the law's application thereto becoming less

clear leads us to find that the amendment more likely was made to "more clearly express the legislative intention previously indefinitely expressed." *Magnolia Pipe Line Co.*, 167 P.2d, at 888.

In *Pure Oil*, we construed the tax provision further to determine that,

> "The classification adopted by the Legislature does not appear to be based on an invidious or unreasonable distinction, under the facts shown by the record in this case. This pipe line extends into many counties of the state. The character and location of the property is such that the value in any one county, city, town, township, or school district is dependent, to a large extent, on the value of the property as a whole. *In re Assessment of Western Union Telegraph Co.*, 35 Okl. 6265, 130 P. 565; *In re Oklahoma Gas & Electric Co.*, 67 Okl. 301, 171 P. 26. It may be that the Legislature thought that a more fair and equitable assessment thereof could be made by a board having jurisdiction over all of the property in the state, rather than by the county assessor in each of the counties in which any portion of the property is located. It was authorized to make provision therefor." 20 P.2d, at 1045.

It therefore appears the legislative intent was to assess the property of companies engaged in businesses with property spread out among several counties by authorizing one encompassing assessment and equalization by the State Board in order to more fairly and equitably assess the value of the property as a whole.

The continual construction of a statute by the agency charged to enforce it must be given great weight. *Oklahoma Industries Authority v. Barnes*, Okl., 769 P.2d 115, 118, n. 9 (1988). Moreover, where the legislature has convened many times during a period in which an administrative agency has construed a statute, and where the legislature has not expressed its disapproval with that construction, the leg-

islature's silence may be regarded as acquiescence in or approval of the agency's construction. *Oral Roberts University v. Oklahoma Tax Commission*, Okl., 714 P.2d 1013, 1015 (1985); *Apache Gas Products Corp. v. Oklahoma Tax Commission*, Okl., 509 P.2d 109, 116 (1973); *Peterson v. Oklahoma Tax Commission*, Okl., 395 P.2d 388, 391 (1964).

Since 1943, the State Board of Equalization has assessed airline companies pursuant to §§ 2442 and 2443. The legislature has never amended these statutes contrary to this long-standing construction by the State Board and the Tax Commission. In fact, the only amendment to Section 2442 which affects the appellees, and airline companies in general, was one evidencing an approval of the long-followed practice of assessing airline companies as public service corporations. Therefore, considering all of the principles of statutory construction cited above and the record of this case, we find that the legislative intent of Section 2442 is to include airline companies as public service corporations even though not specifically mentioned as long as they fall under the definition of a public service corporation.

### V.

We find that airline companies which operate between two points within the boundaries of Oklahoma will inherently have property in more than one county. Furthermore, we find that one assessment which encompasses all the property in the state would more fairly and equitably assess the property of the airline company as a whole. In considering these findings along with the arguments and authorities set forth above, we hold that airline companies are public service corporations as that term is defined in Section 2442. This construction of the statute most reasonably expresses the intent of the legislature, and therefore, is the proper construction.

Accordingly, the judgment of the district court is REVERSED and REMANDED with directions to enter judgment in accordance with the views expressed in this opinion.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.