1998 OK CIV APP 62

1998 OK CIV APP 62

**DOBSON CELLULAR SYSTEMS, INC., Appellee,**

v.

**The STATE BOARD OF EQUALIZATION and the Oklahoma Tax Commission, Appellants.**

No. 87372.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 21, 1998.

As Corrected July 24, 1998.

Gregory K. Frizzell, General Counsel, David L. Kinney, Assistant General Counsel, Robert B. Struble, Deputy General Counsel, Oklahoma Tax Commission, Oklahoma City, for Appellants.

Collier H. Pate, Kempf & Knarr, P.C., Oklahoma City, for Appellee.

MEMORANDUM OPINION

ADAMS, Judge.

¶1 This appeal presents only two issues: (1) whether the Court of Tax Review has jurisdiction to determine if a taxpayer is a public service corporation, and (2) whether the Court of Tax Review improperly granted the motion for summary judgment filed by Appellee Dobson Cellular Systems, Inc. (Taxpayer). Because our answer to the first issue is "no," we need not address the second issue.

¶2 According to the record, prior to 1994, Taxpayer, the owner and operator of a cellular communications network in Western Oklahoma, was assessed ad valorem taxes in each county in which it does business (local assessment) on the property located in that county. In July of 1994, Appellant State Board of Equalization (Board) notified Taxpayer that it had been classified as a "public service corporation" and that any of its prop-

erty subject to ad valorem taxation would be assessed by the Board (central assessment).[1]

¶ 3   On August 8, 1994, Taxpayer filed a written protest with the Court of Tax Review, denying that it was a public service corporation and protesting Board's July 20, 1994 valuation of its property.   Appellant Oklahoma Tax Commission filed an answer on behalf of Board, claiming *inter alia*, that it had properly classified Taxpayer.  Taxpayer then moved for summary judgment, arguing that it is not a "public service corporation" as defined by the 68 O.S.1991 § 2801, *et seq.*[2]  The Court of Tax Review agreed, finding that Taxpayer "is entitled to judgment as a matter of law on [Taxpayer's] claim that it is not a public service corporation and should not be centrally assessed for the purposes of ad valorem taxation as a public service corporation under 68 O.S. § 2808."  Commission, on behalf of Board, appeals the order.

■   ¶ 4  Commission alleges that the Court of Tax Review does not have jurisdiction to determine whether Taxpayer is a public service corporation.  Taxpayer argues Commission is raising this issue for the first time on appeal and that our review of the Court of Tax Review's summary adjudication order is limited to issues shown by the record to have been actually tendered to the trial court.  However, the question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this Court whether raised by any

party or not.   *Davis v. Sandlin,* 1964 OK 123, 392 P.2d 722.

¶ 5   Citing *United Airlines, Inc. v. State Board of Equalization,* 1990 OK 29, 789 P.2d 1305, as its authority, Commission argues that district court is the only proper forum to determine if a taxpayer is a public service corporation for purposes of central assessment and that such action must be brought as a declaratory judgment.  Taxpayer agrees with Commission that the Court of Tax Review is a court of limited jurisdiction pursuant to 68 O.S.Supp.1992 § 3024, which provides that the Court of Tax Review "shall hear complaints regarding *valuation* of public service corporation property by the State Board of Equalization as authorized by Section 2881 of this title."  (Emphasis added.)[3] However, Taxpayer argues that the Court of Tax Review has subject matter jurisdiction because the Board's "valuation" includes a determination of whether an entity is a public service corporation and that, unlike this case, there was no pending protest in the Court of Tax Review in *United Airlines.*

¶ 6   Although it is true that the term "valuation" is not specifically defined within the Code, we must disagree with both of Taxpayer's arguments, based on the following explanation by the Court in *United Airlines,* 1990 OK 29, at ¶ 12–15, 789 P.2d at 1308, 1309:

> Since the action brought was *one challenging the jurisdiction of the State Board and the Tax Commission and their authority to assess ad valorem taxes* against Air-

1.  Article 10, § 21 of the Oklahoma Constitution provides, in pertinent part, that:
    There shall be a State Board of Equalization ... The duty of said Board shall be to adjust and equalize the valuation of real and personal property of the several counties in the state, and ... they shall assess all railroad and *public service corporation property.*  (Emphasis added).
2.  The particular statutes Taxpayer relied upon for its argument are 68 O.S.1991 § 2808(A) and (C), which provide, in pertinent part:
    A.  The term *public service corporation,* as used in the Ad Valorem Tax Code, shall include all transportation companies, *transmission companies,* all gas, electric, light, heat and power companies and all waterworks and water power companies, and all persons authorized to exercise the right of eminent domain or to use or occupy any right-of-way, street,

alley, or public highway, along, over or under the same in a manner not permitted to the general public.
> * * *
C.  The term *transmission company* shall include any company ... owning, leasing or operating for hire any telegraph or telephone line or radio broadcasting system. (Emphasis added.)

3.  Entitled "Railroad or public service corporation—Increase of evaluation of property—Notice—Complaints and hearings—Appeals to Court of Tax Review and Supreme Court," 68 O.S.Supp.1992 § 2881(B) provided that "[t]he Court of Tax Review shall be authorized and empowered to take evidence ... and to confirm, correct or adjust the *valuation,* as required by law." (Emphasis added.)

lines, we find that it was not an action to which Section 2468 applies. The provision clearly governs a situation where a taxpayer brings a proceeding before the State Board requesting the Board to correct equalizations or assessments which were made in error or requesting an abatement of his taxes. It also governs appeals from such proceedings. *Airlines' requests,* however, were *in the nature of a determination of whether they were to be assessed by the State Board at all.* Such a request would more naturally fall under Section 2469 because *no statutory provision sets forth the procedure for appealing an assessment made beyond the jurisdiction of the boards.*

Moreover, this case appears to be one in which the administrative remedies are not adequate to give the relief required.

\* \* \*

Even if a remedy within the administrative agency existed, *we find that it is more appropriate for the trial court to determine the jurisdiction of the board ... Therefore, we hold that the district court had jurisdiction to hear Airlines' declaratory action.* (Emphasis added).

57 7 As in *United Airlines,* Taxpayer's written protest in this case challenges the jurisdiction of the Board's authority to assess ad valorem taxes. There have been no significant changes to the two statutes relied upon by the Court in *United Airlines,* 68 O.S.1981 §§ 2468 and 2469 (repealed but reenacted as 68 O.S.1991 §§ 2885 and 2886), and there is still no statutory provision within the Code that "sets forth the procedure for appealing an assessment made beyond the jurisdiction of the boards," *United Airlines,* 1990 OK 29, at ¶ 12, 789 P.2d at 1308. It is equally clear in *United Airlines* that district court jurisdiction is dependent on the lack of jurisdiction of other forums, and that some form of concurrent jurisdiction on this

issue is not recognized. Accordingly, we conclude that the Court of Tax Review did not have jurisdiction to determine whether Taxpayer was a public service corporation. The order of the Court of Tax Review is reversed, and the case is remanded with instructions to dismiss that portion of the protest which addresses whether Taxpayer is a public service corporation.[4]

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

HANSEN, J., and BUETTNER, P.J., concur.

---

4. If Taxpayer is ultimately determined by the district court to be a public service corporation, it appears the Court of Tax Review would have exclusive jurisdiction over the remaining issues in Taxpayer's protest. We are aware of no legal impediment to the Court of Tax Review, on remand, allowing Taxpayer sufficient time to commence a proceeding in district court and staying this protest pending a district court determination of Taxpayer's status as a public service corporation.