1998 OK CIV APP 91

**SOUTHWESTERN BELL MOBILE SYSTEMS, INC., Oklahoma City SMSA Limited Partnership, Oklahoma RSA 3 Limited Partnership, Oklahoma RSA 9 Limited Partnership, Plaintiffs/Appellees,**

v.

**The STATE BOARD OF EQUALIZATION and the Oklahoma Tax Commission, Defendants/Appellants.**

No. 89090.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 21, 1998.

Certiorari Denied June 24, 1998.

As Corrected July 24, 1998.

---

Thomas E. Kemp, Jr., General Counsel, Robert B. Struble, Deputy General Counsel, David L. Kinney, Assistant Deputy General Counsel, Oklahoma Tax Commission, Oklahoma City, for Defendants/Appellants.

Andrew M. Coats, and Harvey D. Ellis, Jr., Crowe & Dunlevy, Oklahoma City, for Plaintiffs/Appellees.

## MEMORANDUM OPINION

ADAMS, Judge:

¶1 The State Board of Equalization (Board) and the Oklahoma Tax Commission (Commission) appeal from a declaratory judgment finding that Board lacks jurisdiction to assess the property of the Appellees (collectively, Taxpayers) for ad valorem taxation purposes because they are not "public service corporations" within the meaning of 68 O.S.Supp.1995 § 2808. Under the undisputed facts of this case, *United Airlines, Inc. v. State Board of Equalization,* 1990 OK 29, 789 P.2d 1305, requires us to conclude that Taxpayers are public service corporations. Accordingly, we reverse the trial court's judgment.

¶2 There are two distinct ad valorem taxation assessment procedures in Oklahoma. Board was created and given the duty of assessing, *inter alia,* all public service corporation property by Article 10, § 21 of the Oklahoma Constitution. Board is required to assess such property annually (central assessment). 68 O.S.Supp.1995 § 2847. All other property is assessed annually by the respective county assessors (local assessment). 68 O.S.1991 § 2817.

¶3 From 1984 through 1994, the property of Taxpayers, who provide cellular services in Oklahoma, was locally assessed in each county in which they did business for the property in that county. This controversy arose after Board notified Taxpayers that they had been classified as "public service corporations" for the 1995 tax year and

would be assessed by Board.[1] Taxpayers filed for declaratory relief against Board and Commission,[2] seeking a judgment to the contrary. At their non-jury trial, the parties submitted detailed stipulations of facts, with Commission calling only one witness. The trial court ultimately filed its judgment resolving the issue in favor of Taxpayers and voiding Board's 1995 assessments.

¶ 4 The relevant facts are undisputed, and the single issue which confronts us is whether, under those facts, Taxpayers operate a "public service corporation" as that term is defined in 68 O.S.Supp.1995 § 2808(A). According to § 2808(A), the term "public service corporation" includes

[a]ll transportation companies, *transmission companies,* all gas, electric, light, heat and power companies and all waterworks and water power companies, and all persons authorized to exercise the right of eminent domain or to use or occupy any right-of-way, street, alley, or public highway, along, over or under the same in a manner not permitted to the general public. (Emphasis added).

¶ 5 Commission claims that Taxpayers operate a public service corporation because the cellular business is a "transmission company." Section 2808(C) defines "transmission company" to include "any company ... owning, leasing or operating for hire any telegraph or telephone line or *radio broadcasting system."* (Emphasis added). Having previously stipulated that Taxpayers do not "own, lease or operate for hire a 'telephone line'," Commission claims that Taxpayers provide a "radio broadcasting system for hire" to their customers. This claim is based primarily on (1) the parties' stipulation that "[t]axpayers provide cellular radiotelephone services ('cellular service') which is defined by federal regulations as a radio service in which common carriers are authorized to offer and provide cellular service for hire to

the general public (47 C.F.R. 22.99)," and (2) Commission's position that "broadcast" simply means "to transmit."

¶ 6 Taxpayers acknowledge in their answer brief, as they did at trial, that their cellular service system uses "radio" waves and is a "system," but contend that Commission is "only half right." Citing numerous authorities for their position that "broadcast" further requires "an intent that the transmission be accessible for reception by the general public," Taxpayers argue they are not "radio broadcasting systems" because *their specific intent* is to *prevent* reception of their transmissions by the general public.

■ ¶ 7 The answer to this question must be found then in determining what "broadcasting" means under this statute. Citing *Globe Life and Accident Insurance Co. v. Oklahoma Tax Commission,* 1996 OK 39, 913 P.2d 1322, Taxpayers argue we must resolve any ambiguity in their favor, and we agree that generally ambiguous tax statutes are "strictly construed" against the State. However, we may not apply this general rule because we are bound by the Oklahoma Supreme Court's ruling in *United Airlines, Inc. v. State Board of Equalization,* 1990 OK 29, ¶ 25, 789 P.2d 1305, 1311, that "the term 'public service corporation' is to be *broadly construed* to include within its meaning *any company which might fit its definition and not just the companies specifically listed."* (Emphasis added). Although Taxpayers contend that the same rule of interpretation does not apply to a *"specifically listed* category of public service corporation—'radio broadcasting system,' "* they cite no authority for giving a different interpretation to terms within the same statute. (Emphasis in original).

■ ¶ 8 Following *United Airlines,* we must broadly construe the term "broadcast" to mean, as Commission argues, "to trans-

---

1. According to the parties' Stipulations of Facts "[b]ecause of variances in the assessment ratios ... a taxpayer classified as a public service corporation will pay a higher ad valorem tax ... than if it is locally assessed...." Taxpayer's local assessment ratios prior to 1995 ranged from 11% to 13%, whereas their central assessment ratio for 1995 was 22.85%.

2. Southwestern Bell Mobile Systems, Inc. filed the petition for declaratory judgment, on its own behalf and as general partner of the limited partnerships, Oklahoma City SMSA Limited Partnership, Oklahoma RSA 3 Limited Partnership, and Oklahoma RSA 9 Limited Partnership.

mit" and not, as Taxpayers argue, "transmitting, with regard to the receiver." This interpretation clearly brings Taxpayers within the meaning of "radio broadcasting systems" as used within the § 2808(C) definition of "transmission company," and as such, their operation is a "public service corporation" pursuant to § 2808(A) subject to central assessment by Board. The trial court's judgment is reversed.

REVERSED.

CARL B. JONES, V.C.J., and BUETTNER, P.J., concur.

