2001 OK CIV APP 85

**DOBSON FIBER COMPANY, INC., Plaintiff/Appellee,**

v.

**THE STATE BOARD OF EQUALIZATION and the Oklahoma Tax Commission, Defendants/Appellants.**

No. 93,726.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 2, 2001.

Certiorari Denied June 26, 2001.

Thomas E. Kemp, Jr., General Counsel, David L. Kinney, Assistant General Counsel, Sean R. McFarland, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, for Appellants.

Collier H. Pate, Stuart A. Knarr, Ken D. Kerr, Jr., Pate, Kempf & Knarr, P.C., Oklahoma City, for Appellee.

JOPLIN, J.

¶ 1 Defendants/Appellants the State Board of Equalization and Oklahoma Tax Commission (collectively, Board) seek review of the trial court's order holding for Plaintiff/Appellee Dobson Fiber Company, Inc. (Dobson) on Dobson's claim for a declaration of its status as a "public service corporation" under 68 O.S. § 2808 for purposes of ad valorem taxation. In this proceeding, Board asserts the trial court erred as a matter of law in holding that Dobson was *not* a public service corporation.

¶ 2 Dobson laid fiber optic cables across central and western Oklahoma under public highways. In 1993, Board sought to assess Dobson's property located in several counties—at a tax rate higher than the local assessments—as property of a "public service corporation" under § 2808(A).

¶ 3 In 1997, Dobson commenced the instant action, seeking a declaration of its status for ad valorem tax purposes. Upon consideration of the parties' stipulation of facts and legal arguments, the trial court declared Dobson was not a "public service corporation" as statutorily defined. Board appeals.

▄ ¶ 4 Ordinarily, the county assessor of each of this State's seventy-seven counties values real and personal property within the county for ad valorem tax purposes. 68 O.S. §§ 2806, 2807, 2819. However, the Oklahoma Constitution, Art. X, § 21, directs Board to "assess all railroad and public service corporation property" for the purpose of ad valorem taxes. Section 2808(A) of title 68 defines "public service corporation":

"Public service corporation" means all transportation companies, transmission companies, all gas, electric, light, heat and power companies and all waterworks and water power companies, and all persons authorized to exercise the right of eminent domain or to use or occupy any right-of-way, street, alley, or public highway, along,

over or under the same in a manner not permitted to the general public.

68 O.S. Supp.1997 § 2808(A)(1).

¶ 5 In this respect, Dobson argues here on appeal, as it did below, no use or occupancy of any public highway "in a manner not permitted to the general public." That is, says Dobson, because it is a private corporation having no statutorily granted power to compel, by eminent domain, the use of any private property for its business, and because any member of the general public may apply to use otherwise dedicated rights-of-way, streets, alleys or public highways, it does not qualify as a "public service corporation" under § 2808(A), subject to Board's assessment for ad valorem tax purposes.

¶ 6 Board responds, asserting the absence or presence of the eminent domain condemnation power is not dispositive. On the contrary, says Board, it is Dobson's actual use and occupancy of dedicated public ways, whether by permit, license or otherwise, for the laying of its fiber optic cable that controls, and because Dobson laid its cables under public highways, Dobson is a "public service corporation" subject to Board's assessment.

¶ 7 On three notable occasions, the Oklahoma appellate courts have spoken to this issue. In *Pure Oil Pipe Line Co. v. Cornish,* 1933 OK 228, 163 Okla. 79, 20 P.2d 1041, the Oklahoma Supreme Court held:

The term "public service corporation," . . ., includes oil pipe line companies which use or occupy any right of way, street, alley, or public highway in carrying on their business, without regard to whether or not they are common carriers of oil or public service corporations in fact, without regard to whether or not they transport oil for hire for more than one person, and without regard to the fact that the corporation for whom they transport oil for hire is a parent corporation.

20 P.2d at 1042. (Court's syllabus.) In *United Airlines, Inc. v. State Bd. of Equalization,* 1990 OK 29, 789 P.2d 1305, the Supreme Court determined:

. . . [T]he term "public service corporation" is to be *broadly construed* to include within

its meaning any company which *might* fit its definition ... [and] we are not to construe the statute and apply it ... in a manner which defeats the purpose this Court [in *Pure Oil Pipe Line Co.*] ... found to be evident in its enactment.

... [T]he legislative intent [underlying what is now § 2808] was to assess the property of companies engaged in businesses with property spread out among several counties by authorizing one encompassing assessment and equalization by the State Board in order to more fairly and equitably assess the value of the property as a whole.

1990 OK 29, ¶¶ 24, 27, 789 P.2d at 1311. (Emphasis added.) In *Southwestern Bell Mobile Systems, Inc. v. State Bd. of Equalization,* 1998 OK CIV APP 91, 957 P.2d 566, the Court of Civil Appeals broadly construed § 2808 to apply to property owned by a cellular telephone provider as a "radio broadcasting system" and "transmission company" under § 2808(C), "as such, ... a 'public service corporation' pursuant to § 2808(A) subject to central assessment by Board." 1998 OK CIV APP 91, ¶ 8, 957 P.2d at 569.

¶ 8 Dobson's cables serve as a conduit for the "transmission" of information vital to both public and private interests throughout a large portion of this State, and Dobson clearly possessed the authority, although perhaps as a matter of permit or license, "to use or occupy" the lands underlying the public highways of Oklahoma to lay and maintain its cable. Further, the parties do not dispute that Dobson's cables cut through and across many counties of central and western Oklahoma.

██ ¶ 9 Dobson argues any member of the general public may apply for and receive permission to use dedicated public ways as it did, i.e., in a manner *permitted* to the general public. In this respect, it appears that it is the actual *authorized use* or *occupancy* of public ways in some commercial service of public concern which triggers a business's status as a "public service corporation" under § 2808(A):

> While the record shows that the plaintiff has not exercised the right of eminent domain in building the pipe line in question, it has used and occupied public highways *in a manner not permitted to the general public, that is, it has laid its lines under the public highways.*

*Pure Oil Pipe Line Co.,* 1933 OK 228, ¶ ——, 20 P.2d at 1044. (Emphasis added.)

██ ¶ 10 Under the cases, we must construe § 2808(A)(1) broadly, first, to include businesses other than those enumerated within the definition of "public service corporation," and second, to effect our legislature's intent to centrally assess a covered business's property when the property is "spread out among several counties." *United Airlines, Inc.,* 1990 OK 29, ¶¶ 24, 27, 789 P.2d at 1311; *Pure Oil Pipe Line Co.,* 1933 OK 228, ¶ ——, 20 P.2d at 1041, 1044. We consequently hold that where a business, in furtherance of a commercial enterprise providing a public service within the intended scope of § 2808(A)(1), uses or occupies public ways, whether by permit, license, franchise or the exercise of the power of eminent domain, such a business uses the public ways "in a manner not permitted to the general public" subject to Board's assessment as a "public service corporation" under § 2808(A)(1).[1]

¶ 11 Inasmuch as the stipulated facts show Dobson's business to be of public service, and Dobson's actual use of public ways in a manner not permitted to the general public, we therefore conclude Dobson is a "public service corporation" under § 2808(A)(1). The

---

1. In an appendix to the brief of an Amicus Curiae supporting Dobson's petition for rehearing, the Amicus included an unpublished opinion of the Court of Civil Appeals in *Texaco Exploration and Production, Inc. v. State Bd. of Equalization and the Oklahoma Tax Commission,* No. 85,256 (Ok. Civ.App. Div. I, April 5, 1996), a case to which the Amicus referred throughout its brief. Leaving aside the propriety of the Amicus' reliance on the unpublished decision of this Court, otherwise proscribed by 20 O.S. § 30.5, the opinion included in the appendix is inaccurate. That is, on April 8, 1996, the Court issued a correction order to reflect the concurring votes actually cast by Presiding Judge Jones and Judge *Buettner,* Judge *Joplin* having previously certified his disqualification in the matter.

trial court's order to the contrary should be, and hereby is, therefore REVERSED.

HANSEN, C.J., and ADAMS, J., concur.